29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 George J. WADE; Charles Shaheen; Barbara Bujulian; Jackie
Jeppe; George Lee Daher; Richard H. Bower,
Plaintiffs-Appellants,
v.
INDUSTRIAL FUNDING CORPORATION, an Oregon Corp.; Industrial
Leasing Corp.; First City 100 Corporation, a Canadian
Corporation; Alex. Brown & Sons Inc.; Piper Jaffray &
Hopwood Inc.; Deloitte & Touche; First City Realty
Investment Corp.; 1988 First City Realty Investment (1988)
Ltd.; 1987 First City Realty Investment (1987) Ltd.; First
City Trust Co.; First City Trustco Inc.; First City
Financial Corp. Ltd.; Samuel Belzberg; Brent S. Belzberg;
Joseph Costello, Jr.; Clark M. Bentley; Alan R. Hibben;
William J. Texido, Defendants-Appellees.
 
 Nos. 93-16103, 93-16192.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1994.
Decided July 18, 1994.
 Before: FLETCHER and TROTT, Circuit Judges, and KING,* District Judge.
 MEMORANDUM**
 Plaintiffs in this securities fraud action seek a preliminary injunction freezing defendant's assets. The district court held that it was without power to issue such an injunction because the only final relief plaintiffs sought was money damages. We reverse and remand.
 FACTS
 This is a securities fraud class action, brought by investors in the initial public offering of Industrial Funding Corp., an Oregon leasing and finance company. Plaintiffs allege claims under Secs. 11, 12(2), and 15 of the Securities Act of 1933, 15 U.S.C. Secs. 77k, 771(2), and 77o, and Secs. 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. Secs. 78j(b) and 78t(a). All claims are based on alleged misrepresentations or omissions in Industrial's registration statement and prospectus.
 Plaintiffs filed this action on January 16, 1992. On December 14, 1992, Industrial announced that it had entered into an agreement to sell the bulk of its assets to another company, in exchange for $20.6 million in cash and a note in the amount of $18.9 million. Industrial would retain $7.6 million of lease receivables.
 On March 5, 1993, before the transaction was completed, plaintiffs moved for a preliminary injunction freezing Industrial's assets in the amount of $22.5 million; this figure corresponded to the amount of damages plaintiffs were seeking under their Sec. 11 claim. Plaintiffs submitted evidence aimed at showing that they were likely to prevail on the merits of the Sec. 11 claim, and that, unless restrained by the court, Industrial would transfer proceeds from the sale of its assets to foreign holders of its preferred stock, thus rendering those funds unavailable to satisfy a judgment in plaintiffs' favor.
 On May 11, 1993, the district court denied plaintiffs' motion. The court concluded that plaintiffs had shown that they would probably succeed on the merits of their claim, and that there was a "possibility of irreparable injury if a preliminary injunction is not granted." District Court Order of 5/11/93 at 3. However, the district court read Ninth Circuit law as authorizing the grant of a preliminary injunction only where plaintiff is seeking some form of final equitable relief; the court concluded that plaintiffs had not shown that they were likely to be entitled to any such relief under their Sec. 11 claim.
 Plaintiffs moved for reconsideration of that order, arguing that final equitable relief would be available with respect to their Sec. 12(2) claim. In an order dated June 10, 1993, the district court rejected that argument, concluding that in this case, no Sec. 12(2) claim would lie against the issuer of the securities. The court also denied plaintiffs' request for an injunction pending appeal, finding that plaintiffs had not demonstrated a likelihood of success on appeal, and that "although plaintiffs could be harmed absent an injunction, Industrial could also be harmed by an injunction of the scope plaintiffs request." District Court Order of 6/10/93 at 5.
 Industrial then sold its assets as contemplated, and plaintiffs appealed from both the May 11 and the June 10 orders. Plaintiffs' arguments on appeal go to the substance of the May 11 order only.
 We review the denial of a request for a preliminary injunction for abuse of discretion. FSLIC v. Sahni, 868 F.2d 1096, 1097 (9th Cir.1989). Legal questions passed upon by the district court, however, are reviewed de novo. Id.
 DISCUSSION
 The issue on appeal is governed by our recent decision in In re Estate of Ferdinand Marcos Human Rights Litig., No. 92-15526, 1994 WL 262053 (9th Cir. June 16, 1994). In that case, we stated as follows:
 We join the majority of circuits in concluding that a district court has authority to issue a preliminary injunction where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment. This holding is thus restricted to only extraordinary cases in which equitable relief is not sought.
 Id. at * 14 (emphasis in original).
 We remand so that the district court may determine whether or not a preliminary injunction is warranted, in light of the standard articulated in Marcos, and any factual developments in this case in the year since the district court last considered plaintiffs' motion for a preliminary injunction.
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3